Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 2408 | **DATE** | December 21, 2000 |
| **CASE TITLE** | IN RE: Mexico Money Transfer Litigation (Moneygram) | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Proposed Order And Final Judgment.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| X | Notices mailed by judge's staff. | | DEC 27 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 74 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING | 12/21/00 date mailed notice | |
| ETV | courtroom deputy's initials | 00 DEC 21 PM 5:32 | ETV mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE MEXICO MONEY TRANSFER ) Case No. 98 C 2408
LITIGATION (MONEYGRAM) )
) Judge Rebecca R. Pallmeyer
)
)

## PROPOSED ORDER AND FINAL JUDGMENT

The Court having previously entered a Preliminary Settlement Order, dated May 12, 1999 ("Preliminary Settlement Order No. 1"), in which the Court preliminarily approved the proposed settlement (the "Settlement") set forth in the Stipulation and Agreement of Compromise and Settlement dated May 12, 1999, as being within the range of a fair, reasonable and adequate settlement, certified a nationwide class for settlement purposes, scheduled a hearing (the "Fairness Hearing") before the Court to determine whether the Settlement should be finally approved and judgment entered thereon, and preliminarily enjoined class members from "instituting, commencing or continuing to prosecute, directly or indirectly . . . any claims . . . that would be released and discharged upon final approval of the Settlement";

The Court having previously entered Preliminary Settlement Order No. 2, dated July 16, 1999, in which the Court approved the Corrected Stipulation and Agreement of Compromise and Settlement dated July 14, 1999, the form of direct mail notice ("Class Action Settlement Notice" or "CASN") to be given to class members, the form of notice to be published in print ("Print Summary Notice" and "Full Print Notice"), the form of notice to be broadcast on radio ("Radio Summary Notice"), the form of notice to be broadcast on television ("Television Summary Notice"), and the form of notice to be disseminated to domestic agents for posting ("Posted Summary Notice"), approved the broadcast, dissemination, and publication programs

for the notices, found that the forms and manner of giving notice satisfied the requirements of both Rule 23 of the Federal Rules of Civil Procedure and due process and constituted the best notice practicable under the circumstances, directed the parties to effectuate notice, granted the parties' motion to alter the case caption, preliminarily approved amendments to the Settlement, including an amended definition of the class, established procedures for class members to opt-out of the class or object to the Settlement, and rescheduled the Fairness Hearing for December 10, 1999;

The Court having previously entered a Memorandum Opinion and Order, dated October 13, 1999, in which the Court denied the motion of intervenor-objectors Raul Garcia and Lydia Bueno to vacate the preliminary antisuit injunction contained in Preliminary Settlement Order No. 1 and rejected a challenge to the Court's subject matter jurisdiction;

The Court having previously entered Preliminary Settlement Order No. 3, dated May 23, 2000, in which the Court preliminarily approved further amendments to the Settlement, approved both the form and the manner of giving notice to opt-outs of those second amendments ("Supplemental CASN"), found that the form and manner of giving notice satisfied the requirements of both Rule 23 of the Federal Rules of Civil Procedure and due process and constituted the best notice practicable under the circumstances, directed the parties to effectuate notice, established proceedings for opt-outs to rejoin the class, and scheduled a supplemental Fairness Hearing for August 11, 2000; and

The Fairness Hearing having been held on December 10, 1999, January 18-20, 2000, and August 11, 2000, after notice to the class, and the Court having fully considered the parties' application for approval of the Settlement, the submissions in support thereof, the

objections to the Settlement submitted by class members, and all papers filed with or submitted to the Court in connection with the proceedings in this action, <u>In re Mexico Money Transfer Litigation (MoneyGram)</u>, Case No. 98 C 2408, formerly entitled <u>Ross-Pineda, et al. v. MoneyGram Payment Systems, Inc., et al.</u> (the "Action");

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court has subject matter jurisdiction over this Action, and all matters that relate to the Settlement.

2. The Court has personal jurisdiction over the named Plaintiff, the class members, and Defendants MoneyGram Payment Systems, Inc. and Integrated Payment Systems, Inc. (collectively, the "Defendants").

3. (a) As previously determined in the Court's Preliminary Settlement Order No. 1, as modified by Preliminary Settlement Order No. 2, the Court certifies the following nationwide class for settlement purposes (the "Settlement Class"):

> [A]ll persons who have utilized defendants' Mexico Money Transfer services to wire money from anywhere in the United States to anywhere in the Republic of Mexico from January 1, 1988 through August 31, 1999.

Excluded from the Settlement Class are the persons referred to in paragraph 11 herein who have validly requested exclusion from the Settlement Class.

3

(b) The Settlement Class, as certified, satisfies the requirements of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

(c) The named Plaintiff and Plaintiff's counsel have fairly and adequately represented and protected the interests of all members of the Settlement Class throughout this Action.

4. (a) As previously determined in the Court's Preliminary Settlement Orders Nos. 2 and 3, the forms of notice provided to class members fairly, fully, accurately, and adequately conveyed to class members all relevant and material information concerning the Settlement and related matters and satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

(b) The dissemination of notice by the parties pursuant to Preliminary Settlement Orders Nos. 2 and 3, as modified in the manner described in the declarations filed with this Court, fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, constituted the best notice practicable under the circumstances, constituted valid, due, and sufficient notice to all persons entitled thereto, and afforded class members an adequate time and opportunity to opt-out of the Settlement Class or object to the Settlement.

5. The Settlement, as set forth in the Corrected Stipulation and Agreement of Compromise and Settlement dated July 14, 1999, and as amended by the Amendment to Corrected Stipulation and Agreement of Compromise and Settlement dated July 14, 1999, and the Corrected Second Amendment to Stipulation and Agreement of Compromise and Settlement dated January 13, 2000 (collectively, the "Settlement Agreement"), is fair, reasonable and

adequate and is finally approved in its entirety, and the parties are directed to consummate and implement the Settlement in accordance with the terms and provisions of the Settlement Agreement.

6. This Action is hereby dismissed with prejudice against Plaintiff and all members of the Settlement Class as to Defendants.

7. Any and all claims, rights and causes of action, damages, punitive or statutory damages, penalties, losses and issues of any kind or nature whatsoever, whether arising under federal, state, territorial, or local statutes, ordinances, or regulations, or federal, state, territorial, or local common law, asserted or unasserted, known or unknown (including, but not limited to, any claims relating to alleged breach of contract, consumer fraud, deceptive or unfair business practices, false or misleading advertising, intentional misrepresentation, negligent misrepresentation, concealment, omission, unfair competition, breach of fiduciary duty, conversion, unjust enrichment, discrimination, RICO and conspiracy, and any claims arising under or based upon federal, state, territorial, or local statutes, ordinances, or regulations governing or applying to the practices of money transfer services or business practices generally), by or on behalf of Plaintiff, all members of the Settlement Class, and all persons purporting to act on their behalf or purporting to assert a claim under them, including, but not limited to, heirs and assigns, children, spouses, significant others and companions, whether individual, class, representative, legal, equitable, direct or indirect, or any other type or in any other capacity against any of the Defendants or any of their respective current or former officers, directors, employees, Domestic Agents, international agents (including, without limitation, Banco Nacional de Mexico, S.A. ("Banamex"), California Commerce Bank, a subsidiary of

Banamex, Salinas y Rocha S.A. de C.V., Gigante S.A. de C.V., American Express Travel Related Services Company, Inc., all agents and independent representatives of American Express Travel Related Services Company, Inc., and American Express Company), attorneys, auditors, accountants, experts, parents, subsidiaries, affiliates, divisions, stockholders, heirs, executors, representatives, predecessors, successors and assigns (collectively, with the Defendants, the "Released Parties"), in connection with or that arise out of or relate in any manner whatsoever, in whole or in part, to the Action, the claims asserted in the Action, the claims asserted in <u>Lydia Bueno v. MoneyGram Payment Systems, Inc., The Vons Companies, Inc., Banco Nacional de Mexico S.A., California Commerce Bank</u>, (Case No. BC 197490) (the "Bueno Action"), the claims asserted in <u>Juan P. Fernandez, individually and on behalf of all others similarly situated v. MoneyGram Payment Systems, Inc. d/b/a/ "MoneyGram," and Tagle's Mini Mart</u>, (No. C-6186-98-E) (the "Fernandez Action"), or to the exchange rate applied to the conversion of dollars to pesos in connection with Defendants' electronic money wire transfer services from the United States to Mexico from January 1, 1988 through August 31, 1999 (including, but not limited to, [1] any and all claims of dissatisfaction with the exchange rate applied to any transaction, [2] any and all claims of misrepresentation, false statements, misleading statements, failure to make required disclosures, or inadequate disclosure regarding the exchange rate applied to any transaction or the revenue or profit generated in the conversion of dollars to pesos, and [3] any and all claims that the generation of profit or revenue in the conversion of dollars to pesos constitutes a hidden charge, fee, or commission, is a conversion, breach of fiduciary duty, breach of contract, or a failure to send all funds received for transmission, or is otherwise improper, wrongful, or unfair under any theory of any nature whatsoever), or any

communications, representations, statements or omissions to members of the Settlement Class with respect to any of the foregoing, or any acts, transactions or occurrences, alleged or otherwise asserted or referred to in the Action or this Settlement Agreement or that could have been asserted in the Action (collectively, the "Settled Claims"), shall be compromised, settled, released and discharged with prejudice.

8. As provided in the Settlement Agreement, the Settlement shall be in full settlement, compromise, release and discharge of the Settled Claims and each of them, and the Released Parties shall have no further or other liability or obligation to any member of the Settlement Class with respect to the Settled Claims, except as expressly provided for in the Settlement Agreement.

9. The release set forth in the Settlement Agreement and reflected in this Order and Final Judgment shall have the full breadth and scope provided in the Settlement Agreement.

10. In order to protect the continuing jurisdiction of this Court (see infra Paragraph 14) and to protect and effectuate the Court's judgment in this Action, the Plaintiff and all members of the Settlement Class and all persons acting on their behalf (including, but not limited to, attorneys, representatives, and agents of any member of the Settlement Class), are hereby permanently and forever barred and enjoined from instituting, commencing, or continuing to prosecute, directly or indirectly, as an individual or collectively, representatively, derivatively, or on behalf of himself, or in any other capacity of any kind whatsoever, any action in this Court, any other federal court, any state court, or any other tribunal or forum of any kind,

against any Defendant (or any of Defendants' present or former officers, directors, shareholders, employees, accountants, attorneys, auditors, experts, representatives, parents, executors, subsidiaries, affiliated companies, divisions, successors, predecessors, heirs, agents, or assigns) that asserts any claims that are Settled Claims under the terms of the Settlement, including, but not limited to, the Bueno Action, the Fernandez Action, and any other action that asserts any of the claims raised in this Action, the Bueno Action, the Fernandez Action, or any other claims, rights, or causes of action, whether arising under federal, state, territorial, or local statutes, ordinances, or regulations, or federal, state, territorial, or local common law, relating to alleged breach of contract, consumer fraud, deceptive or unfair business practices, false or misleading advertising, intentional misrepresentation, negligent misrepresentation, concealment, omission, unfair competition, breach of fiduciary duty, conversion, unjust enrichment, discrimination, RICO, and conspiracy, and any claims arising under or based upon federal, state, territorial, or local statutes, ordinances, or regulations governing or applying to the practices of money transfer services or business practices generally, in connection with or that arise out of or relate in any manner whatsoever, in whole or in part, to this Action, the claims asserted in this Action, the claims asserted in the Bueno Action, the claims asserted in the Fernandez Action, or to Defendants' electronic money transfer service from the United States to Mexico from January 1, 1988 through August 31, 1999, or any communications, representations, statements, or omissions to any member of the Settlement Class with respect to Defendants' electronic money transfer service from the United States to Mexico from January 1, 1988 through August 31, 1999.

11. The persons who have validly requested exclusion from the Settlement Class are not members of the Settlement Class and shall have no rights with respect to the

Settlement and no interest in the Settlement and shall not be bound by any order or judgments entered in respect of the Settlement.

12. All objections to the Settlement are overruled and denied in all respects.

13. Class counsel are awarded fees and reimbursement of expenses in the amount of $_____ to be paid in accordance with the provisions of the Settlement Agreement. All objections to the fee application are overruled and denied in all respects. (If such amount is not specified, the Court reserves jurisdiction with respect to such matter.)

14. Without affecting the finality of this Judgment in any way, the Court hereby reserves continuing and exclusive jurisdiction over all matters related to the administration and consummation of the terms of the Settlement, over the enforcement, construction and interpretation of the Settlement Agreement and this Order and Final Judgment, and over the Plaintiff and all members of the Settlement Class (and their attorneys and law firms) in connection herewith.

15. There is no reason for delay in entering final judgment in accordance with Rule 54(b) of the Federal Rules of Civil Procedure, and it is expressly directed that this Order and Final Judgment be entered.

Dated: Dec. 21, 2000

Hon. Rebecca R. Pallmeyer
United States District Judge

9

## CERTIFICATE OF SERVICE

I, Theodore R. Scarborough, an attorney, hereby certify that I caused a copy of the foregoing **NOTICE OF FILING OF PROPOSED ORDER AND FINAL JUDGMENT** to be served on the following counsel of record:

<u>**By Messenger:**</u>

Matthew J. Piers
Joshua Karsh
Gessler, Hughes & Socol, Ltd.
70 W. Madison Street, Suite 2200
Chicago, IL 60602-4205

Robert L. Graham
Steven M. Siros
Jenner & Block
One IBM Plaza, Suite 4400
Chicago, IL 60611

Charles J. Risch
Lawrence Kamin Saunders & Uhlenhop.
208 S. LaSalle, Suite 1750
Chicago, IL 60604

David J. Stetler
Jonathan M. Cyrluk
Stetler & Duffy, Ltd.
140 S. Dearborn, Suite 400
Chicago, IL 60603

Howard W. Foster
Johnson & Bell, Ltd.
55 E. Monroe St., Suite 4100
Chicago, IL 60603

<u>**By Federal Express:**</u>

Stephen E. McConnico
Greg Pierce
Scott, Douglas & McConnico
600 Congress, Suite 1500
Austin, TX 78701

Timothy J. Crowley
Richard E. Norman
Crowley & Douglas, LLP
3500 Chevron Tower
1301 McKinney St.
Houston, TX 77010

Nelson J. Roach
Jeffrey J. Angelovich
Nix Patterson & Roach, LLP
205 Linda Drive
Dangerfield, TX 75638

Craig M. Sico
Harris & Watts P.C.
555 N. Carancahua, Suite 1400
Corpus Christi, TX 78478-0801

Jaime Pena
The Pena Law Firm, PLLC
203 S. 10th Street
Endinburg, TX 78504

**By Federal Express:**

Arturo Jauregui
Jauregui & Assocs., PC
221 N. LaSalle St., Suite 764
Chicago, IL 60601

Frank Rodriguez
Rodriguez, Pruneda, Tovar,
  Calvillo & Garcia, PLLC
1111 Nolana Street
Endinburg, TX 78504

Gail E. Lees
Gibson Dunn & Crutcher LLP
333 S. Grand Ave.
Los Angeles, CA 90071-3197

Paul Fine
Daniels, Fine, Israel & Schonbuch
1801 Century Park East, 9th Floor
Los Angeles, CA 90067

Maurice Sanchez
Alvarado, Smith & Sanchez
4 Park Plaza, Suite 1200
Irvine, CA 92614

**By Federal Express:**

Newton B. Schwartz, Sr.
1911 Southwest Freeway
Houston, TX 77098

Mark Brown
704 South McClelland Street
Santa Maria, CA 93454

Ian Herzog
Law Offices of Ian Herzog
233 Wilshire Boulevard, Suite 550
Santa Monica, CA 90405

Fred J. Kumetz
Stephen Glick
Kumetz & Glick
3580 Wilshire Boulevard, Suite 1260
Los Angeles, CA 90010

Raul F. Salinas
Alvarado, Smith & Sanchez
611 West 6th Street, Suite 2650
Los Angeles, CA 90017


on this $15^{\text{r}}$ day of September 2000.

_____
Theodore R. Scarborough

LA1 300956v1